UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. BOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV1824 JAR |
| | ) | |
| STEVE MEINBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (Doc. Nos. 88, 92) Plaintiff opposes the motion and has filed a written opposition (Doc. No. 100), to which Defendant Martin has filed a reply. (Doc. No. 101) For the following reasons, the motions are denied.

**Background**

The factual background of this case is set out in the Court's Order of August 28, 2014. (Doc. No. 85) Plaintiff alleges Defendants conspired to have him arrested for the crime of unlawful use of a weapon without probable cause in violation of his civil rights. (First Amended Complaint for Damages (FAC), Doc. No. 41) He further alleges state law claims of false arrest, malicious prosecution, fraudulent concealment and civil conspiracy. Defendants moved for summary judgment on Plaintiff's federal claim on the grounds that (1) Plaintiff is estopped from relitigating the issue of probable cause based on the Jefferson County Circuit Court's finding of probable cause at the preliminary hearing; (2) under the applicable objective standard, probable cause existed at the time Defendant Martin completed his written report; (3) Defendant Martin's report is not a basis for liability; and (4) Defendants have qualified immunity from the claim.

1

Defendants also argued the Court should refuse to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff moved for partial summary judgment against Defendant Martin on the issue of liability and against Defendants Meinberg, Hawkins, Hoffman and Wagner on the issue of probable cause.

On August 28, 2014, the Court denied the parties' respective motions for summary judgment, finding a genuine issue of material fact regarding the existence of probable cause for Plaintiff's arrest. (Doc. No. 85) On September 2, 2014, Defendant Martin filed a Memorandum informing the Court of his intent to file a notice of interlocutory appeal. (Doc. No. 86) At that time the Court verbally advised counsel that they would not be required to file their pretrial compliance materials,[1] effectively staying these proceedings pending resolution of the appeal. On September 5, 2014, Defendants filed notices of interlocutory appeal on the Court's qualified immunity determination. (Doc. No. 87, 91) Defendants now seek to certify for interlocutory appeal the issue of whether the Jefferson County Circuit Court's finding of probable cause at the preliminary hearing collaterally estops Plaintiff's claims.

**Legal standard**

The general purpose of 28 U.S.C. § 1292(b) is "to provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979); White v. Nix, 43 F.3d 374, 376 (8th Cir.1994). The burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." E.E.O.C. v. Allstate Ins. Co., 2007 WL 38675, at *2 (E.D.Mo. Jan. 4, 2007) (quoting White, 43 F.3d at 376). To satisfy § 1292(b) requirements, a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground

---

[1] The case was set for trial on September 22, 2014.

for difference of opinion and upon which (3) a decision will materially advance the ultimate termination of the litigation." Paschall, 605 F.2d at 406. The Eighth Circuit has emphasized that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." E.E.O.C., 2007 WL 38675, at *2 (quoting White, 43 F.3d at 376). See also Control Data Corp. v. International Business Machines Corp., 421 F .2d 323, 325 (8th Cir.1970). It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. Id. Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

**Discussion**

Defendants argue the Court's Order denying summary judgment meets all of the requirements for certification. In response, Plaintiff takes issue with Defendants' contention that the cases cited by the parties evidence a "substantial ground for difference of opinion" on the issue of collateral estoppel. In ruling that collateral estoppel does not bar Plaintiff's § 1983 and state law claims, this Court, finding no Eighth Circuit case directly on point, relied on Whitley v. Seibel, 676 F.2d 245 (7th Cir. 1982). There, Whitley's § 1983 claim was based on the arresting officer's failure to investigate Whitley's alibi and his misrepresentations to prosecuting authorities that he had checked the alibi and found it to be false. Whitley, presumably for tactical reasons, never raised or litigated the issue of the officer's veracity during the preliminary hearing; nor did he raise or litigate the issue of his purported alibi witness. Id. at 249. Under these circumstances, the court concluded that a probable cause finding made in a "summary or cursory" criminal preliminary hearing does not estop a plaintiff from later bringing a civil claim

3

challenging the integrity, rather than the sufficiency, of the evidence. Id. at 250. The Whitley court also questioned whether collateral estoppel would ever be appropriate based solely on a preliminary hearing given the summary nature of the proceeding and the fact that the suspect has no right to discover what is in the prosecutor's arsenal, or appeal the finding of probable cause. Id. at 249-50.

The Court also distinguished the cases cited by Defendants, Guenther v. Holmgren, 738 F.2d 879 (7th Cir. 1984) and Sanders v. Frisby, 736 F.2d 1230 (8th Cir. 1984), in that the plaintiffs in those cases were able to present evidence and fully and fairly litigate their Fourth Amendment claims in prior state court proceedings. Zike v. Advance America, 646 F.3d 504 (8th Cir. 2011), is likewise distinguishable. In Zike, the state court found probable cause to bind the employee's criminal case over for trial. The case was later dismissed, and the employee filed a malicious prosecution claim against his employer that was removed to federal court. The district court granted summary judgment against the employee, and the court of appeals affirmed, finding the Missouri court's probable cause determination at the preliminary hearing constituted prima facie evidence of the employer's probable cause which the employee failed to rebut. Id. at 510-12. The case did not turn on collateral estoppel, but rather the failure to rebut the presumption of probable cause. Here, the Court found sufficient facts were presented by Plaintiff to rebut the presumption of probable cause.

While identification of "a sufficient number of conflicting and contradictory opinions" would provide substantial ground for disagreement, White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994), the cases cited by the parties do not, in the Court's view, raise any doubt as to the correct legal standard for applying collateral estoppel and thus do not create a contradiction or conflict. Emerson Elec. Co. v. Yeo, 2013 WL 440578, *2 (E.D. Mo. Feb. 5, 2013) (citing Morgan v. Ford

Motor Co., 2007 WL 269806, *3 (D.N.J. Jan 25, 2007)). Under the particular facts of this case, Plaintiff's summary preliminary hearing does not collaterally estop him from bringing his § 1983 and state law claims. The motions for certification of interlocutory appeal will, therefore, be denied.

Defendants also seek a stay of these proceedings pending interlocutory appeal. (Doc. Nos. 90, 93) As noted above, the Court effectively stayed this case after being notified by counsel that a notice of interlocutory appeal would be filed. Whereas the parties' oral motion to stay filing of pretrial compliance materials was granted, the written motions to stay will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b) [88, 92] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Stay Proceedings Pending Interlocutory Appeal [90, 93] are **DENIED** as moot.

Dated this 23rd day of September, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**